UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC.,<br><br>Defendant. | Case No.  16-cv-01945-JCS<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

## I.      INTRODUCTION

Plaintiff Rebecca Rodriguez filed this wrongful termination case against Home Depot U.S.A., Inc. ("Home Depot") in Monterey County Superior Court on February 11, 2016.  Home Depot removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.   The action was initially assigned to the Honorable Paul Grewal and then reassigned to the undersigned magistrate judge.  Plaintiff now brings a Motion to Remand ("Motion"), contending removal was improper because Defendant has failed to prove that there is diversity of citizenship and that the amount in controversy more likely than not exceeds $75,000. The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the hearing set for Friday, July 29, 2016, at 9:30 a.m.  For the reasons stated below, the Motion is DENIED.[1]

## II.      BACKGROUND

### A.  Complaint

Plaintiff alleges that she was terminated after she complained that a fellow employee had

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court<br>Northern District of California

assaulted her and created an unsafe work environment.  Compl. ¶¶ 7, 9.  Specifically, Rodriguez alleges that a coworker "screamed at, assaulted, pushed, and shoved [her]," "attempted to slash [her] car's tire while she was sitting in the car," and then made an obscene gesture towards her. *Id.* ¶ 8.  According to Rodriguez, following her complaints about assault and an unsafe work environment, Home Depot terminated her in retaliation for her complaints and without paying her all wages due at the time of separation.  *Id.* ¶¶ 9–10.

Rodriguez asserts three claims in her complaint: 1) wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980) based on alleged violation of California Labor Code sections 1102.5 and 6310; 2) failure to pay timely earned wages upon separation of employment in violation of Labor Code sections 201-204; and 3) unfair competition under California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200 *et seq.*

Rodriguez seeks, *inter alia*, payment of earned wages and lost income, "equitable relief, including full restitution, disgorgement and/or specific performance of payment of all wages and other earnings including those withheld as a result of assuming a ten percent gratuity on all cash sales that have been withheld from Plaintiff," waiting time penalties, emotional distress damages, punitive damages and attorneys' fees and costs.

**B.  Notice of Removal**

On April 13, 2016, Home Depot filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1332 and 1441, removing this action to federal court on the grounds that there is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.  Home Depot claims that complete diversity exists because Rodriguez is a citizen of California and Home Depot is a citizen of Delaware (its state of incorporation) and Georgia (where it has its principal place of business).  NOR ¶¶ 5-6.

Regarding the amount-in-controversy requirement, Home Depot claims it is more likely than not that the amount in controversy in this case will exceed $75,000.  Defendant invokes the more-likely-than-not standard of *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398 (9th Cir. 1996) because Rodriguez does not allege in her complaint a specific amount of damages with

United States District Court
Northern District of California

2

respect as to each claim.   According to Home Depot, "when taken as a whole," the different types of relief Rodriguez seeks are "clearly in excess of the minimum amount required for diversity jurisdiction."  NOR ¶ 10.  In particular, Home Depot states that if Rodriguez prevails, she may be entitled to $2,700 in waiting time penalties, unspecified damages on her request for equitable relief, and damages for emotional distress that exceed $75,0000. *Id*. ¶ 10.  Home Depot also mentions that Rodriguez seeks punitive damages, but does not attempt to place a dollar amount on that request. *Id*.  Home Depot relies primarily on the emotional distress damages, stating that "the value of Plaintiff's emotional distress claims alone substantially exceeds the jurisdictional minimum." *Id*. (citing *Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985 (2004) and *Kolas v. Access Business Group*, 2008 WL 496470 (Cal. Superior Ct. Jan. 14, 2008) (verdict and settlement summary) as examples of similar cases in which emotional distress damages exceeded $75,000).

### C.  Motion to Remand

Rodriguez filed the instant Motion on May 10, 2016.  In the Motion, she contends that removal was improper and that the case must be remanded to state court for lack of subject matter jurisdiction because Home Depot has not "met its burden to prove the state of which it is a citizen or that the amount in controversy exceeds $75,000."  Motion at 2.  Other than the bare statement that Home Depot has failed to prove the state of its citizenship, Rodrigues does not address this issue in her brief.  The focus of the Motion is the amount-in controversy requirement.  In the Motion, Rodriguez emphasizes the presumption against removal and the fact that the burden of establishing the propriety of removal rests with Defendant. *Id.* at 3 (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999)).  Plaintiff argues that Home Depot has not met this burden as to the amount in controversy requirement.

First, Rodriguez points to the statement in the NOR that she will be entitled to only $2,700 in waiting time penalties if she prevails. *Id.* at 4.  Second, she notes that Defendant failed to state a particular amount in controversy in connection with her request for unpaid wages and did "not even bother to discuss the specifics of the amount of front pay, back pay, or other damages that Plaintiff may be awarded after trial." *Id.*  Third, she challenges Defendant's assertion that her request for emotional distress damages, by itself, places more than $75,000 in controversy. *Id.* at

4-5.  In particular, she argues that Home Depot has failed to demonstrate that the two cases it cited in the NOR to show that Plaintiff may be entitled to a large award on her claim for emotional distress damages are factually similar to the allegations here.  Fourth, Plaintiff argues that attorneys' fees incurred in this action will not meet the amount-in-controversy requirement because only fees incurred up to the time of removal may be considered and Defendant has not offered any evidence establishing the amount of such fees.  *Id*. at 5.  Finally, she argues that merely referencing a request for punitive damages is not enough to satisfy the amount-in-controversy requirement.  *Id*. at 5-7.

### D.  Defendant's Opposition

In its Opposition brief, Home Depot rejects Plaintiff's contention that it has not met its burden on removal, arguing that it has established that the amount in controversy requirement is more likely than not satisfied.  Opposition at 3.   In addition to the amounts cited in the NOR, Home Depot offers evidence relating to the amount in controversy, which it contends may properly be considered  by the Court and treated as an amendment to the original removal petition.  Opposition at 2 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002)).   Home Depot also introduces a declaration by its counsel stating that he informed Plaintiff's counsel that Home Depot might stipulate to a remand of this action to state court if Plaintiff's counsel would stipulate that Plaintiff is seeking less than $75,000 but that Plaintiff's counsel refused to do so.  Cheng Decl. ¶¶ 2-4.

Home Depot argues that the compensatory damages sought by Rodriguez place into controversy $20,958.75 in lost wages, $2,700 in waiting time penalties, and emotional distress damages that could exceed $75,000.  Opposition at 3-4.  In support of the lost wages estimate, Home Depot offers a declaration by Charles Brown, a Human Resources Manager, stating that Plaintiff's hourly rate was $11.25 per hour and that she typically worked 27 hours per week.  Brown Decl. ¶ 3.  Home Depot estimates the number of weeks of missed work (presumably at the time of removal) at 69.  *Id*.  Home Depot further contends that it has supported the amount in controversy as to the emotional distress damages Rodriguez seeks based on jury verdicts in a number of wrongful termination cases in which damages in excess of $75,000 were awarded.

United States District Court
Northern District of California

1    Opposition at 4 (citing *Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985 (2004); *Kolas v. Access*

2    *Business Group*, 2008 WL 496470 (Cal. Superior Jan. 14, 2008); *Chambers v. Penske Truck*

3    *Leasing Corp.*, No. 11-381 (GSA), 2011 WL 1459155 (E.D. Cal. 2011); *Ko v. Square Grp., LLC*,

4    2014 WL 3542203 (Cal. Superior June 16, 2014); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831

5    (Cal. Superior Feb. 4, 2011)).

6         Home Depot further asserts that Plaintiff's request for punitive damages is properly

7    considered in assessing the amount in controversy and that jury verdicts in similar cases have been

8    substantial (and well in excess of $75,000).  *Id*. at 4-5 (citing *Escalante vs. Wilson's Art Studio*,

9    2001 WL 1104277 (Cal. Superior June 18, 2001); *Maxwell v. Beverly Enterprises-California, Inc.*,

10   1995 WL 864851 (Cal. Superior Nov. 1995); *Dackerman v. The Military Press*, 1996 WL 697486

11   (Cal. Superior Feb. 1996); *Schell vs. City of Los Angeles*, 2001 WL 1720241 (C.D. Cal. 2001); and

12   *Ko v. Square Grp., LLC*, 2014 WL 3542221 (Cal. Superior June 16, 2014)).

13        With respect to Plaintiff's request for attorneys' fees, Home Depot rejects Plaintiff's

14   assertion that only fees incurred up to the time of removal may be considered, arguing that a

15   reasonable estimate of attorneys' fees incurred *after* the date of removal is properly included when

16   calculating the amount in controversy.  *Id.* (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.

17   2d 1004, 1010–11 (N.D. Cal. 2002)).  Home Depot further asserts that such fees often exceed the

18   damages and would therefore likely exceed the amount in controversy by themselves.  *Id*. at 5-6.

19        In response to Plaintiff's challenge that Home Depot has not established the state of its

20   citizenship, Home Depot offers evidence that it is incorporated in Delaware and has its principal

21   place of business in Georgia, thus establishing that there is complete diversity of citizenship.  *Id*. at

22   6-7 (citing Brown Decl. ¶ 2).

23        Finally, Home Depot points out that Plaintiff has refused to stipulate that she seeks under

24   $75,000 in this action.  *Id*. at 7.

25   **E.  Plaintiff's Reply**

26        In her Reply, Rodriguez does not challenge Home Depot's estimate of her lost wages and

27   waiting time penalties but she continues to assert that the cases offered by Home Depot to

28   establish the amount in controversy are unavailing because Home Depot has not demonstrated that

the facts of those cases are similar to the facts here. Reply at 2.  She also notes that only her claim under the California Labor Code allows for an award for attorneys' fees.  *Id*. at 4.  She further asserts that it is of no consequence that she has refused to stipulate that she seeks less than $75,000 because it is Home Depot's burden to establish that the amount in controversy is satisfied.  *Id*. at 4.

## III.    ANALYSIS

### A.  Legal Standards Governing Removal on the Basis of Diversity Jurisdiction

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).  Any doubts as to removability should be resolved in favor of remand.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The strong presumption against removal means that the defendant always has the burden of establishing that removal is proper.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Jurisdictional facts are assessed on the basis of plaintiff's complaint at the time of removal. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441).

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded.  28 U.S.C. § 1447(c).  Federal courts have diversity jurisdiction only where there is complete diversity of citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *see Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).  Where a defendant removes an action to federal court on the basis of diversity, the burden on a plaintiff seeking remand under § 1447(c) depends on whether or not the amount in controversy is clear from the face of the complaint.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "Where a plaintiff's state court complaint does

United States District Court
Northern District of California

United States District Court
Northern District of California

1   not specify a particular amount of damages, the removing defendant bears the burden of

2   establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."

3   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  To determine whether

4   this standard is met, courts may "consider facts in the removal petition, and may require parties to

5   submit summary-judgment-type evidence relevant to the amount in controversy at the time of

6   removal."  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), as amended on denial of

7   reh'g and reh'g en banc (Feb. 13, 2006) (internal quotations and citations omitted).

### B.  Whether Complete Diversity Requirement is Satisfied

9   For purposes of determining diversity of citizenship, a corporation is deemed to be a

10  citizen of the state in which it was incorporated as well as the state in which its principal place of

11  business is located.  28 U.S.C. § 1332(c)(1).  "Principal place of business" refers to "the place

12  where the corporation's high level officers direct, control, and coordinate the corporation's

13  activities," that is, the corporation's "nerve center.'"  *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81

14  (2010).  The "nerve center" is typically found at the corporation's headquarters.  *Id.* at 81.

15  The Court finds, based on the allegations in the Complaint and the Brown Declaration, that

16  it is more likely than not that Home Depot is diverse from Plaintiff.  According to the complaint,

17  Rodriguez "was at all times relevant to the matters alleged in this complaint an individual with her

18  residence in California." Compl. ¶ 1.  The Complaint further alleges that Home Depot is

19  incorporated in Delaware.  *Id.* ¶ 2.  In addition, the Brown Declaration states that "Home Depot

20  was and still is incorporated in the State of Delaware" and that Home Depot's headquarters,

21  including the offices of its executive officers and many of its key departments, is located in

22  Atlanta, Georgia.  *Id.*  Therefore, Home Depot has met its burden in demonstrating that the parties

23  are completely diverse.

### C.  Whether Amount in Controversy Requirement is Satisfied

#### 1.  Plaintiff's Refusal to Stipulate that She is Seeking Less than $75,000

26  As a preliminary matter, the Court rejects Home Depot's reliance on Plaintiff's refusal to

27  stipulate that she is seeking less than $75,000 in damages as a basis for remanding this case to

28  state court.  In this District, courts "have consistently rejected the notion that a plaintiff's refusal to

1    stipulate conclusively demonstrates that the amount in controversy exceeds the threshold." *Taylor*

2    *v. Interstate Grp., LLC*, No. 15-5462 (YGR), 2016 WL 861020, at *9 (N.D. Cal. 2016); *see also*

3    *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998);

4    *Dobson v. United Airlines*, No. 2-4771 (CRB), 2002 WL 31689365, at *1 (N.D. Cal. 2002);

5    *Bolton v. U.S. Nursing Corp.*, No. 12-4466 (LB), 2012 WL 5269738, at *5 (N.D. Cal. 2012); *Patel*

6    *v. Nike Retail Servs. Inc.*, 58 F. Supp. 3d 1032, 1039 (N.D. Cal. 2014).  Indeed, numerous courts

7    in the Northern District have held that such a refusal to stipulate is not even persuasive evidence of

8    the amount in controversy.  *See Conrad*, 994 F. Supp. at 1199 (citing *Valle v. State Farm Mutual*

9    *Auto. Ins. Co.*, No. C 97-1659 (FMS), 1997 WL 564047, at *2 (N.D. Cal. 1997) and *Miller v.*

10   *Michigan Millers Ins. Co.*, 1997 WL 136242 (N.D.Cal.1997) in support of conclusion that refusal

11   to stipulate is not even persuasive evidence of amount in controversy).  As the court in *Conrad*

12   explained, "since a defect in subject matter jurisdiction cannot be stipulated to or waived,

13   attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages

14   would serve no effect in determining the actual amount in controversy at the time of removal."  *Id.*

15   Therefore, the Court declines to draw any inference as to the amount in controversy based on

16   Plaintiff's refusal to stipulate that she is seeking less the $75,000 in this action.

17                    **2.   Amount of Compensatory Damages at Issue**

18           Rodriguez seeks three main forms of compensatory damages:  1) lost wages; 2) waiting

19   time penalties; and 3) emotional distress damages.  There appears to be no disagreement that the

20   first two forms of compensatory damages do not exceed $25,000.  The parties disagree, however,

21   as to whether Home Depot has established that it is more likely than not that the emotional distress

22   damages that Plaintiff might receive would be sufficient to meet the amount-in-controversy

23   requirement.  The Court concludes that it has.

24           Emotional distress damages can be considered when calculating the amount in controversy

25   even when the pleadings are vague as to the amount sought.  *See Richmond v. Allstate Ins. Co.*,

26   897 F. Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to

27   emotional distress damages should not preclude this Court from noting that these damages are

28   potentially substantial.").  A defendant may introduce evidence of jury verdicts in cases involving

United States District Court
Northern District of California

analogous facts to establish probable emotional distress damages. *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The facts of such case need not be "perfectly analogous," however, to meet the "more-likely-than-not standard. *See id*. In *Simmons*, for example, the plaintiff asserted claims for racial discrimination, retaliation, and wrongful termination where the plaintiff had been terminated after working for the defendant for only four months. *Id*. at 1034. The court concluded that the emotional distress damages claimed in that case met the amount-in-controversy requirement based on a case where a plaintiff had suffered "persistent discrimination over a ten-year period" and had been awarded $3.5 million in emotional distress damages. *Id*. The court reasoned that while the facts were not "perfectly analogous," that case showed that "emotional distress damages in a successful employment discrimination case may be substantial." *Id*.

Defendant Home Depot has similarly satisfied its burden regarding emotional distress damages in this case. The cases it cites, while not perfectly analogous, show that emotional distress damages in cases involving retaliatory termination may be substantial. For example, in *Kolas v. Access Business Group*, 2008 WL 496470 (Cal. Superior Jan. 14, 2008), a jury awarded $200,000 in emotional distress damages based on a claim that the plaintiff was fired based on his age and disability and in retaliation for filing a workers' compensation claim for a herniated disc he sustained on the job. In *Liemandt v. Mega RV Corp*., , a jury awarded $385,000 in pain and suffering damages to a plaintiff who alleged that he was wrongfully terminated due to his age when he returned to work following a massive heart attack. 2011 WL 2912831 (Cal. Superior Ct. Feb. 4, 2011). Given that Rodriguez alleges that she was subjected to egregious conduct by a co-worker, including an assault and vandalism of her car, and that Home Depot terminated her for complaining about an unsafe work environment, the Court finds based on the awards in the retaliatory termination cases discussed above that Home Depot has demonstrated that if Rodriguez prevails in this action, her emotional distress damages more likely than not will exceed $75,000.

### 3. Amount of Punitive Damages at Issue

The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Simmons*, 209 F. Supp. 2d at 1033 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927,

945 (9th Cir. 2001)).  Punitive damages are available for common law claims for wrongful termination in violation of public policy and violations of Labor Code section 1102.5.  *See Tameny*, 27 Cal. 3d at 176–77; *Hennighan v. Insphere Ins. Sols., Inc.*, No. 13-638 (JST), 2013 WL 1758934, at *6 (N.D. Cal. 2013); *Thomas v. Costco Wholesale Corp.*, No. 13-275 (DOC), 2014 WL 819396, at *10 (C.D. Cal. 2014).  Because Plaintiff pleads wrongful termination in violation of public policy and Labor Code sections 1102.5 and 6310, punitive damages may properly be factored into the amount-in-controversy calculation.

As is the case for emotional distress damages, the amount of punitive damages may be established based on jury verdicts in cases involving analogous facts.  *Simmons*, 209 F. Supp. 2d at 1033.  The fact that the cited cases involve distinguishable facts is not dispositive, as long as the jury verdicts in the cited cases amply demonstrate the potential for large punitive damage awards in similar types of cases.  *Id.*;  *cf. Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (holding that cases cited by the defendant to establish amount in controversy  in case seeking punitive damages were not sufficient to demonstrate that amount-in-controversy requirement was met because "the cases cited by defendant [bore] little or no resemblance to this litigation").

Home Depot cites a number of cases in which punitive damages awards exceeded $75,000 where the plaintiff asserted a claim for wrongful termination after an employee reported a workplace violation or complained of an assault.  *See Escalante vs. Wilson's Art Studio*, 2001 WL 1104277 (Cal. Superior June 18, 2001) (awarding $85,000 in punitive damages against former employer and coworker where plaintiff was fired after coworker allegedly attacked the plaintiff); *Dackerman v. The Military Press*, 1996 WL 697486 (Cal. Superior Feb. 1996) (awarding $200,000 in punitive damages against former employer where plaintiff was fired after complaining of sexual harassment and a hostile work environment); *Maxwell v. Beverly Enterprises-California, Inc.*, 1995 WL 864851 (Cal. Superior Ct. Nov. 1995) (awarding $1,550,00 in punitive damages where the plaintiff,  a social worker who worked in a hospital, was terminated in retaliation for reporting another employee to a state regulations agency for neglecting a resident); *Schell vs. City of Los Angeles*, 2001 WL 1720241 (C.D. Cal. 2001) (awarding $250,000 in punitive damages

United States District Court
Northern District of California

10

1   where plaintiff was an employee of the City of Los Angeles who alleged that she was terminated

2   in retaliation for testifying against the City in a prior lawsuit).   The Court concludes that these

3   cases are sufficiently similar to the facts here to support the conclusion that Plaintiff may be

4   entitled to punitive damages that exceed $75,000.

5                          **4.   Attorneys' Fees**

6          The Ninth Circuit has held that "where an underlying statute authorizes an award of

7   attorneys' fees, either with mandatory or discretionary language, such fees may be included in the

8   amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).   It has

9   not, however, addressed "whether the amount-in-controversy determination should include only

10  those attorneys['] fees incurred as of the time of removal, or may properly take into account fees

11  likely to be incurred through the conclusion of the case" and district courts in this Circuit are split

12  on the question.   *See Byorth v. USAA Cas. Ins. Co.*, No. CV 15-51-BLG-SPW-CSO, 2015 WL

13  5022899, at *4-6 (D. Mont. Aug. 21, 2015) (reviewing cases).   Because the Court finds that Home

14  Depot has met its burden as to the amount in controversy regardless of the amount of attorneys'

15  fees at issue in this case, it need not (and does not) decide whether fees incurred after removal may

16  be considered for the purposes of determining whether the amount in controversy requirement is

17  met.

18  **IV.   CONCLUSION**

19         The Court finds that Home Depot has met its burden on removal.   In particular, based on

20  Plaintiff's claims for emotional distress and punitive damages, the amount in controversy in this

21  case more likely than not exceeds $75,000.   In addition, Home Depot has demonstrated that there

22  is complete diversity of citizenship in this case.   Accordingly, the Motion is DENIED.

23         **IT IS SO ORDERED.**

24

25  Dated:  July 19, 2016

26                                            _____

27                                            JOSEPH C. SPERO
                                             Chief Magistrate Judge

28

United States District Court
Northern District of California

11